UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| CHARLENE JOHNSON )<br>)<br>PLAINTIFF )<br>)<br>v. )<br>)<br>LIFE INSURANCE COMPANY OF )<br>NORTH AMERICA, and TOYOTA )<br>MOTOR MANUFACTURING, )<br>KENTUCKY, INC. GROUP PLAN )<br>)<br>DEFENDANTS ) | CIVIL ACTION NO. 5:16CV-00087-DCR |

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by the Plaintiff, Charlene Johnson and Defendants, Life Insurance Company of North America and Toyota Motor Manufacturing Kentucky Group Plan, through their respective counsel, that the following terms and conditions shall govern the handling of confidential and proprietary information and documents throughout the proceedings in this action and thereafter.

1. Plaintiff, Defendant, or a producing person or entity may designate as "Confidential" information or documents, discovery responses or answers to deposition questions (including but not limited to personnel records; financial statements; tax returns; business plans or practices; customer, sales or marketing information; documents relating to a party's or a producing person's or entity's financing, organization or business transactions; documents that contain confidential information or that any party or producing person or entity claims to be proprietary, the disclosure of which might prejudice the conduct of business of the party, person, or entity invoking the protection of this Order or that might be useful to such party's, person's or entity's competitors; and documents containing or referring to trade secrets)

as confidential and/or proprietary for the purposes of disclosure. Documents or information may be designated as confidential by stamping them as "Confidential" or by otherwise designating them as confidential in writing. "Confidential" information shall be defined in accordance with Fed. R. Civ. P. 26(c)(1)(G).

2. All documents and other materials produced in the course of this litigation relating to confidential or proprietary information and deposition testimony given in the course of this litigation relating to confidential or proprietary information shall be used solely for the preparation and litigation of the above-entitled action and for no other purpose. Such documents or the information contained therein shall not be disclosed to anyone except court personnel, parties to this Stipulated Protective Order, employees of the parties whose access to the documents is required for preparation of the case, counsel of record (including employees of counsel's respective law firms), and persons specifically retained in connection with this action whose access to the documents and any of their contents is required for preparation of the case. If a party wishes to disclose documents or information that have been designated as confidential to a non-party witness, the witness shall be provided with a copy of this order and shall sign an agreement acknowledging that he or she will abide by the terms of the order.

3. Nothing contained in this Stipulated Protective Order shall prevent the use of documents designated as "Confidential" at a deposition, hearing or trial in this action. In the absence of the prior consent of the producing party, if such documents are used at a deposition, such documents or information, all portions of the transcripts of any such deposition, and any and all exhibits thereto which refer or relate to such documents or information, shall be treated as "Confidential" as described herein.

4. If any proprietary or confidential information subject to this Stipulated Protective Order or any papers incorporating such information are to be filed with the court, they shall be filed in a sealed envelope bearing the caption of the action, a brief description of the pleading or other paper to which they relate, and the following notice:

### CONFIDENTIAL

THIS ENVELOPE CONTAINS DOCUMENTS AND INFORMATION THAT ARE SUBJECT TO A STIPULATED PROTECTIVE ORDER ENTERED BY THE COURT IN THIS ACTION.  THE ENVELOPE SHALL NOT BE OPENED OR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY ORDER OF THE COURT.

5. At the conclusion of all proceedings, all confidential documents, any and all copies thereof, and documents reflecting confidential information contained in such documents, which are not in the custody of the court, shall be returned to counsel for the party, or to the producing person or entity that designated such document confidential.  The sole exception to this requirement is information contained in attorneys' work product or other privileged documents. Such work product or other privileged documents shall remain subject to the Stipulated Protective Order.

6. The production of any confidential documents or information pursuant to this Stipulated Protective Order shall in no way constitute a waiver of any right of either party to object to the production of other documents in this action or in any other action.  Nor shall the confidential nature of any document preclude its admission at trial, if the document is otherwise admissible.

7. Any court with jurisdiction over this action shall retain such jurisdiction with respect to this Stipulated Protective Order for purposes of enforcing its terms and conditions and to enable any party herein affected to apply for such other and further orders concerning the subject of this Stipulated Protective Order as may be necessary or appropriate.

8.      This Stipulated Protective Order as well as the designation of any document or other material as confidential information, may be amended, modified, or set aside by further stipulation in writing.  By entering into this Agreed Protective Order, the parties do not waive their ability to challenge whether documents produced pursuant to this Order are actually confidential.  Any party wishing to challenge the designation of any documents as confidential under this Agreed Protective Order may make an appropriate motion with the Court challenging such designation.

HAVE SEEN AND AGREED:

| | |
|---|---|
| s/Anwar K. Malik w/ permission by M. Wyrick | s/Mitzi D. Wyrick |
| Anwar K. Malik | Mitzi D. Wyrick |
| Kelly P. Spencer | David A. Calhoun |
| Spencer Law Group | Wyatt, Tarrant & Combs, LLP |
| 2224 Regency Road | 500 West Jefferson Street, Suite 2800 |
| Lexington, KY  40503 | Louisville, KY 40202-2898 |
| kelly.spencer.law@gmail.com | mitziwyrick@wyattfirm.com |
| anwarkmalik@gmail.com | dcalhoun@wyattfirm.com |
| ***Counsel for Plaintiff, Charlene Johnson*** | ***Counsel for Defendant, Life Insurance Company of North America*** |

61549906.1