UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CHARLENE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 16-087-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LIFE INSURANCE COMPANY | ) | **ORDER** |
| OF NORTH AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of the parties Stipulated Protective Order, which has been docketed as a motion. [Record No 23] Having reviewed the proposed order, the Court concludes that it is overly broad in two respects. First, it would prospectively seal any court filings the parties deem confidential. A protective order may only be issued upon a showing of good cause. Fed. R. Civ. P. 26(c)(1). The Court may not delegate to the parties the determination of whether good cause exists. *Certain Underwriters at Lloyd's v. United States*, 2010 WL 2683142, at \*1 (S.D. Ohio July 1, 2010) (citing *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999)). The public's interest in access to judicial proceedings can be overridden only if property and privacy interests predominate "in a particular situation." *Id.* Thus, a blanket order sealing all material the parties deem confidential is too broad.

Further, according to the parties' proposed order, the Court would retain jurisdiction with respect to the protective order, "for purposes of enforcing its terms and conditions." [Record No. 23, p. 2] This request would require the Court to retain jurisdiction following

- 2 -

resolution of the underlying claims in this matter, which the Court declines to do.  Accordingly, it is hereby

**ORDERED** that the parties' Stipulated Protected Order, docketed as a motion [Record No. 23] is **DENIED.**

This 4th day of November, 2016.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge